UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RENITTA MCKINSTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Case No.: 2:20-cv-00735-JHE | |
| JEFFERSON COUNTY BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION[1]

On May 26, 2020, Plaintiff Renitta McKinstry ("McKinstry") filed this employment discrimination action, alleging Defendants Jefferson County Board of Education (the "Board") and Superintendent Craig Pouncey ("Pouncey") discriminated against her on the basis of her race and disability and in retaliation for engaging in protected activity by terminating her. (Doc. 1). On July 29, 2020, Defendant Superintendent Craig Pouncey moved to dismiss McKinstry's claims against him. (Doc. 10). McKinstry has filed a response in opposition, (doc. 21), and Pouncey has replied in support, (doc. 22). For the reasons discussed more fully below, Pouncey's motion to dismiss is **GRANTED**.

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 24).

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).  Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A] plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotation marks omitted). "Malice, intent,

knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Factual Background

McKinstry is a black woman who suffers from major depression and generalized anxiety disorder. (Doc. 1 at ¶¶ 1, 10). McKinstry worked as a teacher for the Board from August 2007 until her termination on July 10, 2018. (*Id.* at ¶¶ 9, 17). Pouncey is the Superintendent of the Board and was McKinstry's ultimate supervisor, as well as being responsible for the Board's administration. (*Id.* at ¶¶ 13, 15).

Starting in May 2014, McKinstry began complaining to the Board about what she perceived to be race discrimination. (*Id.* at ¶ 17). After McKinstry's complaints, Gary Evans, a white male, forced McKinstry to write a letter of resignation. (*Id.*). However, McKinstry did not resign her employment, nor was she terminated. (*Id.*).

In August 2016, McKinstry was hired as an Instructional Coach at Chalkville Elementary School. (*Id.* at ¶ 18). She continued to file complaints of race discrimination and was subsequently transferred to Irondale Community School to work as an Alabama Reading Initiative Specialist. (*Id.* at ¶ 19).

On October 25, 2016, Board officials called McKinstry into a meeting and informed her that her position was being eliminated. (*Id.* at ¶ 20). McKinstry filed a charge of discrimination with the EEOC the next day alleging race and retaliation. (*Id.*). McKinstry was demoted from

Reading Initiative Specialist to Instructional Coach and assigned the most difficult students. (*Id.* at ¶ 22). McKinstry received a right to sue letter from the EEOC on November 22, 2016 but did not file suit. (*Id.* at ¶ 23).

On March 6, 2017, McKinstry was placed on indefinite paid administrative leave. (*Id.* at ¶ 24). McKinstry filed another charge of discrimination with the EEOC three days later based on race and retaliation. (*Id.*). McKinstry was notified on March 23, 2017, that she was being placed on administrative leave without pay. (*Id.* at ¶ 25). On March 31, 2017, McKinstry filed another charge of discrimination with the EEOC, alleging retaliation. (*Id.*). The Board rescinded the unpaid leave decision on April 14, 2017 and moved McKinstry back to paid leave. (*Id.* at ¶ 26).

On August 8, 2017, McKinstry requested that a teacher work with her in her classroom as a permanent substitute to accommodate her disability. (*Id.* at ¶ 27). Pouncey verbally agreed to this request, but no permanent substitute was assigned. (*Id.*). McKinstry submitted additional requests to Pouncey and Principal Ann Tillman, but these requests were denied. (*Id.* at ¶ 28). McKinstry filed a charge of disability discrimination based on these denials on August 25, 2017. (*Id.*). Defendants did not work with McKinstry to determine whether an accommodation was appropriate. (*Id.* at ¶ 29).

On April 24, 2018, Pouncey provided McKinstry a letter outlining events leading up to the 2017-2018 school year. (*Id.* at ¶ 30). On April 25, 2018, McKinstry was notified that Pouncey would recommend her termination to the Board. (*Id.*). Defendants terminated McKinstry's employment on July 17, 2018, effective July 10, 2018. (*Id.* at ¶ 31). On September 25, 2018, McKinstry filed another charge of discrimination based on retaliation and disability. (*Id.* at ¶ 32).

### III. Discussion

McKinstry's complaint raises three causes of action, each of which Pouncey challenges as applied to him:[2] (1) Claim A, a disability and retaliation cause of action pursuant to the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act of 2008, ("ADAAA"), and § 504 of the Rehabilitation Act of 1973, asserted against Pouncey and the Board, (doc. 1 at ¶¶ 34-41); (2) Claim B, a Title VII and 42 U.S.C. § 1983 race discrimination claim, asserted against the Board alone, (*id.* at ¶¶ 42-48); and (3) Claim C, a race discrimination and retaliation claim under the Fourteenth Amendment to the United States Constitution and § 1983, asserted against Pouncey alone, (*id.* at ¶¶ 49-52).  In her response to the motion to dismiss, McKinstry concedes that the following claims are due to be dismissed: (1) claims against Pouncey in his official capacity; (2) claims against Pouncey for prospective injunctive and equitable relief; (3) ADA, ADAAA, and § 504 claims against Pouncey; and (4) the retaliation claim against Pouncey under the Equal Protection Clause.  (Doc. 21 at 2).  However, McKinstry maintains that her race-based equal protection claim, Claim C, should survive the motion to dismiss.  (*Id.*).  The undersigned addresses only that claim below.[3]

"[T]he substantive law and proof requirements of Title VII, section 1981, and section 1983 are the same for claims alleging intentional employment discrimination based on race by state

---

[2] The Board has answered the complaint, so Pouncey's motion does not affect McKinstry's claims against it.  (Doc. 16).

[3] Although a portion of the motion to dismiss contends the complaint is an impermissible shotgun pleading, its only real arguments concern Claim A.  (Doc. 10 at 5-8).  Pouncey does state that McKinstry's factual allegations "contain[] generic, conclusory allegations against the 'Defendants,'" (*id.* at 8), but an examination of the complaint does not really bear this out as to most of its allegations.  To the extent the undersigned agrees that Count C is due to be dismissed, it is for the other reasons discussed below.

actors . . . ." *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1314 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).  To survive a motion to dismiss, an employment plaintiff proceeding under any theory who alleges disparate treatment based on her race "must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination" by the defendant in question.  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Pouncey argues there are no allegations that connect him to McKinstry's disparate treatment on the basis of her race.  (Doc. 10 at 10).  He is correct.  Pouncey notes the only specific, factual reference that touches on race-based disparate treatment is paragraph 17 of the complaint, alleging Gary Evans, a white male, forced McKinstry to write a letter of resignation in 2014.  (*Id.*).  This does not relate to Pouncey, so it cannot provide any support for McKinstry's claim against him.[4]  Pouncey also states that McKinstry's description of the "Nature of this Action" makes "the generic allegation that the 'Defendants' discriminated against her by '(1) assigning her the most difficult students within the school system while white teachers received much easier assignments,'" (doc 10 at 10-11, n.4) (citing doc. 1 at ¶ 3), but nowhere in the complaint is this further developed beyond simply reiterating that she was demoted and assigned those difficult students, (doc. 1 at ¶ 22).  There is no factual allegation in the complaint that would support the conclusory assertion that this assignment was due to McKinstry's race, nor that Pouncey had

---

[4] In addition, McKinstry admits she did not resign and was not terminated after writing this letter, so it is difficult to see how this would be an actionable instance of employment discrimination.  *See Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006) (To qualify as disparate treatment, an adverse employment action must "impact the 'terms, conditions, or privileges' of the plaintiff's job in a real and demonstrable way.").

anything to do with it. McKinstry's complaint contains another conclusory assertion that "Defendant Pouncey's conduct was motivated by racial discrimination," (*id.* at ¶ 49), but this is exactly the sort of "bare assertion" rejected by the Supreme Court in *Iqbal*. 556 U.S. at 680-81. Finally, McKinstry's complaint notes she filed EEOC complaints alleging race-based discrimination at various points, but McKinstry never explains why race was a factor in any of them at all, much less why Pouncey is liable for any alleged discrimination.[5]

McKinstry's response to the motion to dismiss spends several pages discussing the appropriate pleading standard. (Doc. 21 at 2-6). She is correct that she is not required to make out a *prima facie* case of race discrimination, such as she might have to do at summary judgment. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S.Ct. 992, 999 (2002) ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss."); *Davis*, 516 F.3d at 974 (Title VII complaint not required to make out *McDonnell Douglas* prima facie case); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270–71 (11th Cir. 2004) ("McDonnell Douglas [is] an *evidentiary* rather than a *pleading* standard ... pleading a McDonnell Douglas prima facie case [is] not necessary to survive a motion to dismiss") (emphasis in original). Similarly, her complaint is not doomed solely because she does

---

[5] McKinstry states that "[a]t the moment, the complete scope of Pouncey's role in any employment decisions rendered regarding the Plaintiff is unknown. What is known, however, is that Pouncey was the Superintendent of the Jefferson County School System . . . [and] was able to make employment recommendations regarding hiring and firing . . . [and] the terms and conditions of employment for Board employees. And, perhaps most importantly Pouncey was singularly tasked with implementing and enforcing the Board's Equal Employment Opportunity and anti-discrimination policies." (Doc. 21 at 7-8). To support the last sentence, McKinstry asks the court to take judicial notice of the Board's policy handbook. (*Id.* at 8 n.5). It is unnecessary to do so, because there is no supervisory liability under § 1983, *see Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003), and McKinstry admits she is only speculating as to Pouncey's personal involvement in employment decisions against her.

not point to a comparator.  *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1327-28 (11th Cir. 2011).  However, the problem here is that her complaint does not connect Pouncey to any arguable reference to race discrimination raised in the complaint, not that she has failed to make out a full *prima facie* case for race discrimination or failed to plead the existence of a comparator.

McKinstry's only argument that her complaint contains more than conclusory allegations of Pouncey's race discrimination concerns the EEOC Cause Finding in Charge Number 420-2017-01528, attached as an exhibit to her complaint.  (Doc. 21 at 6-9) (citing doc. 1-1).  McKinstry claims that the complaint combines with this document to "sufficiently allege that the Plaintiff was subjected to what appears to be a pattern and/or practice of race discrimination and/or retaliation by Pouncey and others," (*id.* at 6-7), and quotes extensively from the EEOC Cause Finding, (*id.* at 8-9).  But the EEOC Cause Finding—and, in fact, McKinstry's briefing and quotation of the finding—do not support this.  First, Pouncey is not the respondent to the EEOC charge; the Board is.  (*See* doc. 1-1 at 2).  Second, even if Pouncey were the respondent to the EEOC charge, it would only support McKinstry's claim that Pouncey retaliated against her by "suspend[ing] her in retaliation for her engagement in protected activity," (doc. 21 at 9) (quoting doc. 1-1 at 3).  McKinstry has conceded that her retaliation claim against Pouncey is due to be dismissed, (doc. 21 at 2), so it is unclear how the EEOC Cause Finding could save her race discrimination claim.  And the other exhibit to McKinstry's complaint is related solely to her claims of disability discrimination, (*see* doc. 1-2), which she has also conceded should be dismissed, (doc. 21 at 2).  Because the complaint contains nothing to support Pouncey's liability for race discrimination, and because McKinstry has conceded all other claims against him should be dismissed, Pouncey's motion to dismiss is due to be granted.

## IV. Conclusion

For the reasons stated above, Pouncey's motion to dismiss, (doc. 10), is **GRANTED**. McKinstry's claims against Pouncey are **DISMISSED**.

DONE this 11th day of January, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE